**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **STEVEN BROWN and ALIYA MASER,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. _____** |
| **MARINE MILITARY ACADEMY AIR** | § | **JURY TRIAL DEMANDED** |
| **WING, INC. and MARINE MILITARY** | § | |
| **ACADEMY, INC.,** | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

**SUMMARY**

1.     Marine Military Academy Air Wing, Inc. and Marine Military Academy, Inc., (hereinafter referred to as "Defendants") required and/or permitted Plaintiffs to work in excess of forty (40) hours per week, but refused to compensate them for such hours at the overtime rate required under the Fair Labor Standards Act (FLSA). Furthermore, Defendants failed to compensate Plaintiffs for all hours worked up to forty during weeks where Plaintiffs worked more than forty hours in a workweek. That is, Defendants failed to compensate Plaintiffs for "gap time." Finally, Defendants failed to compensate Plaintiffs at the federally mandated minimum wage rate.

2.     Defendants' conduct violates the FLSA, which requires non-exempt employees to be compensated for "gap time" at their regular hourly rate, minimum wage at the federally mandated minimum wage rate and for hours in excess of forty (40) in a workweek at one and one-half times their regular rate.

## SUBJECT MATTER JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.      Venue is proper in the Southern District of Texas, because a substantial portion of the events forming the basis of this suit occurred in the Southern District of Texas.

## PARTIES AND PERSONAL JURISDICTION

5.      Plaintiff Steven Brown is an individual residing in Cameron County, Texas. Plaintiff's written consent form to this action is attached hereto as Exhibit "A."

6.      Plaintiff Aliya Maser is an individual residing in Cameron County, Texas. Plaintiff's written consent form to this action is attached hereto as Exhibit "B."

7.      Defendant Marine Military Academy Air Wing, Inc. is a Texas corporation that does business as Sabre Aviation. This defendant may be served with process by serving its registered agent as follows: Brian D. Childs, 320 Iwo Jima Blvd., Harlingen, Texas, 78550.

8.      Defendant Marine Military Academy, Inc. is a Texas corporation. This defendant may be served with process by serving its registered agent as follows: Daniel E. Lanoue, 320 Iwo Jima Blvd., Harlingen, Texas, 78550.

## FLSA COVERAGE

9.      At all material times, Defendants have been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

10.      At all material times, Defendants have been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).  In the alternative, Defendants formed a joint enterprise for purposes of coverage under the FLSA.

**11.**     At all material times, Defendants have been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

**12.**     At all material times, Plaintiffs were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

**13.**     Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard.

### FACTS

**14.**     Defendants operate a private military college preparatory school for men 8th grade through 12th grade in Harlingen, Texas.  Defendants offer an integrated flight academy which provides its cadets the opportunity as an elective for professional flight training.

**15.**     Defendants employed flight instructors and office staff to run its flight academy.

**16.**     Plaintiff Steven Brown was employed by Defendants as a flight instructor.  As such, he provided flight instruction to Defendants' cadets and provided maintenance to Defendants' airplanes and hangar.

**17.**     Plaintiff Aliya Maser was an office employee for Defendants.  She performed a variety of tasks for Defendants including but not limited to: secretarial work, admission of cadets into Defendants' flight program, overseeing of Defendants' Sunday Flight Simulator, and coordinated cadet flight instruction course schedules.

**18.**     Plaintiffs were hourly paid employees who regularly worked well over forty hours per workweek.

**19.**     However, Defendants failed to compensate Plaintiffs for all hours worked up to forty in a work week ("gap time") at their regular hourly rate and for hours worked after forty at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.

**20.**     Furthermore, Plaintiffs were not compensated for all hours worked at the FLSA mandate minimum wage rate.

**21.**     Plaintiffs are non-exempt employees.

**22.**     Defendants' method of paying Plaintiffs in violation of the FLSA was willful, and was not based on a good faith and reasonable belief that their conduct did not violate the FLSA.

## PLAINTIFFS' MINIMUM WAGE CLAIM

**23.**     Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

**24.**     Defendants' practice of failing to pay Plaintiffs at the required minimum wage rate violates the FLSA.  29 U.S.C. § 206.

**25.**     None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to the Defendants or the Plaintiffs.

## PLAINTIFFS' OVERTIME CLAIM

**26.**     Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

**27.**     Defendants' practice of failing to pay Plaintiffs time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

**28.**     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to the Defendants or the Plaintiffs.

## DAMAGES SOUGHT

**29.**    Plaintiffs are entitled to recover compensation for the hours they worked for which they were not paid at the federally mandated minimum wage rate. Additionally, Plaintiffs are entitled to recover their regular hourly rate for "gap time" hours. Finally, Plaintiffs are entitled to recover their unpaid overtime compensation.

**30.**    Plaintiffs are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

**31.**    Plaintiffs are entitled to recover attorney's fees and costs as required by the FLSA.  29 USC § 216(b).

## JURY DEMAND

**32.**    Plaintiffs hereby demand trial by jury.

## PRAYER

**33.**    For these reasons, Plaintiffs respectfully request that judgment be entered in their favor awarding them the following:

a.  Unpaid "gap time" hours at their regular hourly rate;

b.  Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

c.  Unpaid wages at the FLSA mandated minimum wage rate;

d.  Liquidated damages in an amount equal to their unpaid "gap time," overtime and minimum wages as allowed under the FLSA;

e.  Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

f.  Such other and further relief as may be required by law or in equity.

*Plaintiffs' Original Complaint*                                                                                      5

Respectfully submitted,

KENNEDY HODGES, LLP

By:   /s/ Galvin B. Kennedy
     Galvin B. Kennedy
     State Bar No. 00796870
     Federal Bar No. 20791
     gkennedy@kennedyhodges.com
     711 W. Alabama St.
     Houston, TX  77006
     Telephone: (713) 523-0001
     Facsimile: (713) 523-1116

ATTORNEY IN CHARGE FOR PLAINTIFFS

OF COUNSEL:
Ricardo J. Prieto
State Bar No. 24062947
Federal Bar No. 1001658
rprieto@kennedyhodges.com
KENNEDY HODGES, L.L.P.
711 W. Alabama St.
Houston, TX  77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116