UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **STEVE BROWN and ALIYA MASER** | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| V. | § | |
| | § | |
| **MARINE MILITARY ACADEMY AIR WING, INC. AND MARINE MILITARY ACADEMY, INC.,** | § | CIVIL ACTION NO. 1:11-cv-00147 |
| | § | |
| *Defendants*. | § | |

### DEFENDANT MARINE MILITARY ACADEMY, INC.'S
### MOTION TO DISMISS AND AUTHORITIES IN SUPPORT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Marine Military Academy, Inc.'s ("MMA"), before filing any responsive pleading, files this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), because the allegations in Plaintiffs' Original Complaint fails to state a claim upon which relief can be granted.[1]

### I.

### STATEMENT OF THE ISSUES TO BE RULED UPON BY THE COURT

As the U.S. Supreme Court recently held in *Ashcroft v. Iqbal*[2], conclusory pleadings, unsupported by sufficient allegations of fact, do not comply with Federal Rule of Civil Procedure 8 and are, therefore, subject to dismissal. As the *Iqbal* Court acknowledged, "recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice…Rule

---

[1] To the extent the Court relies on information that is considered to be outside the pleadings, MMA requests, Pursuant to Rule 12(d), that this motion be converted into a Rule 56 motion for summary judgment, with ten days notice to plaintiffs.
[2] *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).

8…does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."[3]

In the instant matter, Plaintiffs' allegations fall short of the standard set forth by *Iqbal*; therefore, as summarized below, dismissal is appropriate under Rule 12(b)(6):

1. **PLAINTIFF'S ALLEGATIONS FAIL TO ESTABLISH THE EXISTENCE OF A DIRECT EMPLOYMENT RELATIONSHIP WITH MMA.**

    As a threshold matter, Plaintiffs have failed to state, with any level of particularity, facts which would support the existence of an employee-employer relationship between themselves and MMA, which is an essential requirement to bring a claim under FLSA. Consequently, Plaintiffs' claim under the FLSA warrants dismissal under Rule 12(b)(6).

2. **PLAINTIFF'S ALLEGATIONS FAIL TO ESTABLISH THE EXISTENCE OF A JOINT-EMPLOYER RELATIONSHIP AS TO PLAINTIFFS' EMPLOYMENT.**

    Plaintiffs allude to the existence of a joint employer relationship between the Defendants; however, their naked assertion fails to give Defendants fair notice of the factual grounds upon which such joint employer relationship rests. Accordingly, dismissal is appropriate under Rule 12(b)(6).

## II.

## NATURE AND STAGE OF THE PROCEEDING

Plaintiff filed their Original Complaint on July 21, 2011, alleging Defendants violated the Fair Labor Standards Act ("FLSA"). On August 29, 2011, Defendants filed an Unopposed Motion for Extension to File Answer. The Court granted Defendants' Unopposed Motion for Extension to File Answer and ordered Defendants to file an Answer on or before Friday, September 30, 2011.

---

[3] *Iqbal,* 129 S.Ct. at 1949.

**DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT—Page 2**
HWF_XFER\538302\5

## III.
## SUMMARY OF THE ARGUMENT

Plaintiffs Steve Brown and Aliya Maser pursue claims against Marine Military Academy Air Wing, Inc. and MMA under the Fair Labor Standards Act (FLSA). Plaintiffs allege defendants failed to compensate them for (1) all hours worked up to forty hours ("gap time"); (2) overtime for hours worked in excess of forty hours; and (3) failure to pay minimum wage.

Plaintiffs attempt to impose liability against MMA under the FLSA through conclusory allegations of an employment relationship between MMA and plaintiffs. As discussed below, however, Plaintiffs' conclusory allegations are insufficient to establish that they were direct employees of MMA, or that MMA was a joint-employer. In fact, MMA did not have an employment relationship, direct or indirect, with Plaintiffs at any time. Plaintiffs' conclusory allegations of an employment relationship cannot plausibly support imputing liability to MMA. Consequently, plaintiff's complaint against MMA must be dismissed pursuant to Rule 12(b)(6).

## IV.
## ARGUMENT AND AUTHORITIES

### A. RULE 12(B)(6) LEGAL STANDARD.

A complaint that does not set forth "enough facts to state a claim to relief that is plausible on its face" must be dismissed.[4] This procedure streamlines litigation by dispensing needless discovery and fact-finding.[5] Mere conclusory allegations of deprived rights are insufficient to withstand a motion to dismiss.[6] Likewise, pleading legal conclusions that masquerade as factual allegations or "making a formulaic recitation of the elements of the cause

---

[4] *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955 (2007).
[5] *Id.* at 1967.
[6] *See Dillard v. Merrill-Lynch, Pierce, Fenner, & Smith, Inc., et al.*, 961 F.2d 1148, 1157 n.19 (5th Cir. 1982).

of action," will not defeat a motion to dismiss.[7] "Factual allegations must be enough to raise a right to relief above the speculative level."[8]

Moreover, this court is not obligated "to strain to find inferences favorable to the plaintiff."[9] Nor is the court bound to accept as true, legal conclusions couched as factual allegations.[10] Plaintiff's allegations must be specific enough to outline the elements of his claim.[11] Omission of facts concerning pivotal elements of Plaintiff's claims justifies this court to assume no related facts exist.[12] In the context of FLSA claims, courts have dismissed complaints lacking specific allegations putting the defendant on notice as to how plaintiffs assert joint employer liability.[13]

### B. PLAINTIFFS HAVE FAILED TO ESTABLISH AN EMPLOYMENT RELATIONSHIP UNDER THE FLSA.

In paragraphs 9 and 10 of their complaint, Plaintiffs allege: (1) "At all relevant times, Defendants have been an employer within the meaning of the FLSA"; and (2) "[i]n the alternative, Defendants formed a joint enterprise for the purpose of coverage under the FLSA."[14] In paragraphs 14 through 17, Plaintiffs simply refer to themselves as "employees" of or being "employed by" "Defendants."[15] Plaintiffs' allegations against MMA must be dismissed because they fail to plausibly show how plaintiffs believe MMA is their employer or even a joint employer.

---

[7] *Bell Atlantic*, 127 S.Ct. at 1965; *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).
[8] *Bell Atlantic*, 127 S.Ct. at 1965.
[9] *Busch v. Viacom Intern., Inc.*, 477 F.Supp. 2d 764 (N.D. Tex. 2007)(citing *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005)).
[10] *Iqbal*, 129 S.Ct. at 1949-50.
[11] *Ledesma v. Dillard Dep't Stores, Inc.*, 818 F. Supp. 983, 984 (N.D. Tex. 1999).
[12] *Id.* at 984.
[13] *Cooke v. Jaspers*, 2010 WL 918342 at *6 (S.D. Tex. March 10, 2010)(granting Rule 12(b)(6) motion because complaint did not "contain any specific allegations against [defendant] to put it on notice that or how the plaintiff assert . . . joint employer liability); *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 737 (S.D. Tex. 1998).
[14] Plaintiffs' Original Complaint at paragraphs 9 and 10.
[15] Plaintiffs' Original Complaint at paragraphs 14 – 17.

### 1. Plaintiffs' allegations wholly fail to establish the existence of an employee-employer relationship.

The FLSA focuses on the obligations of the "employer" to its "employees."[16] Hence, as a threshold matter, to state a claim under the FLSA, Plaintiff must allege the existence of an employer-employee relationship.[17] To determine whether an employee-employer relationship exists, the Fifth Circuit utilizes the "economic reality test". The "economic reality test" focuses on whether the alleged employee, as a matter of economic reality, is economically dependent upon the business to which he or she renders his or her services. In conducting this analysis, the court considers five non-exhaustive factors, including: "(1) degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and alleged employer; (3) the degree to which the worker's opportunity for profit and loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship."[18] Expressly, where an employee is, as a matter of economic reality, dependent upon the employer, an employer-employee relationship will be found.[19] Thus, "the touchstone of 'economic reality'," in analyzing a possible employee/employer relationship for purposes of the FLSA, is dependency."[20]

Here, as previously stated, Plaintiffs assert in a conclusory and vague manner, "Defendants have been an employer within the meaning of 3(d) of the FLSA" and casually refer to themselves as employees of "Defendants" in other parts of their complaint.[21] Plaintiffs do not,

---

[16] **Minimum Wage**: "Every *employer* shall pay [at least the minimum wage] to each of his *employees*…" 29 U.S.C. § 206(a); **Overtime**: "No *employer* shall employ any of his *employees*" for more than 40 hours in a workweek unless the *employees* are paid a premium for overtime work. 29 U.S.C. § 207(a)(1).
[17] *Moore v. Special Distri. Serv., Inc.*, 2007 WL 2318478 (S.D. Tex. 2007); *citing* Laurie E. Leader, *Wages & Hours: Law and Practice*, § 9.03[2].
[18] *Reich v. Circle C. Inv., Inc.*, 998 F.2d 324, 327 (5th Cir. 1993).
[19] *Id*.
[20] *Mendoza v. Essential Quality Constr., Inc.*, 691 F. Supp. 2d 680, 685 (E.D. La. 2010).
[21] *See* Plaintiff's Original Petition, Paragraphs 9-10 and 14-17.

however, expressly assert any allegations which show how MMA was *their* employer.[22] Moreover, Plaintiffs assert no specific facts or allegations that could plausibly support any of the factors set forth above, particularly, the linchpin of the test—dependency. There is not the slightest indication among plaintiffs' allegations that a direct employment relationship exists between Plaintiffs and MMA. For example, Plaintiffs do not allege, subject to Rule 11, any facts demonstrating MMA hired them, supervised their daily work, paid their wages, had the power to terminate them, or had any control over employment decisions.[23] Plaintiffs simply conclude an employment relationship exists between them and MMA. Plaintiffs' mere conclusory allegations are insufficient to establish a direct employment relationship with MMA.

### 2. Plaintiffs' allegations fail to establish the existence of a joint-employer relationship.

Likewise, Plaintiffs fail to state sufficient allegations demonstrating MMA and co-defendant Marine Military Academy Air Wing, Inc. were their joint-employers. In determining whether a joint employment relationship exists, the Wage and Hour Division of the Department of Labor, as well as the courts, examine a number of factors: (1) whether there is an arrangement between employers to share employee's services, such as by interchanging employees; (2) whether one employer is acting directly or indirectly in the interest of the other employers in relation to employee; (3) whether employers share control of the employee; (4) whether there is common ownership of employers; and (5) whether there is common management of the employers.[24] Similarly, under the "single employer" doctrine, "superficially distinct entities may be exposed to liability upon a finding they represent a single, integrated enterprise: a single

---

[22] *See Cooke*, 2010 WL 918342 at *6.
[23] *See* Exhibit 1, Declaration of Dr. John Butler (explaining MMA did not hire Plaintiffs, supervise Plaintiffs' daily work, pay Plaintiffs' wages, nor had the power to terminate Plaintiffs or control employment decisions affecting Plaintiffs).
[24] *Kirshner v. First Data Corp.*, No. 3:98-CV-0225-L, 2000 U.S. Dist. Lexis 17519, at * 14 (N.D. Tex. Nov. 30, 2000) (citing *Trevino*, 701 F.2d at 404).

employer."[25] Generally, four factors are applied to determine whether two or more entities are sufficiently integrated to be treated as a single enterprise: (1) interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial contract.[26] As a general rule, where each employer is in an entirely separate and distinct business and acts independently of the other with respect to *employment* of the particular individual, a joint employment relationship is not likely to be found.[27]

In conclusory fashion, Plaintiffs state "Defendants formed a joint enterprise for purposes of coverage under the FLSA."[28] This simply is not true. At no time have Defendants operated as or formed, a joint enterprise under the FLSA. As demonstrated by the attached public documents, which MMA asks the Court to take judicial notice, and declarations of defendants,[29] MMA is a separate and distinct business from Saber Aviation, co-defendant acts independently from MMA regarding the employment of Plaintiffs, the defendants do not share common control or management, and MMA does not control or direct the work of the employees in question.[30]

Moreover, Plaintiff does not actually assert single factual allegation to *substantiate* a claim that Defendants were a joint enterprise or joint employers. At best, Plaintiffs complaint

---

[25] *Id*. at *14-15.
[26] *Garcia v. Elf Atochem N. Am*., 28 F.3d 446, 450 (5th Cir. 1994) (citing *Armbruster v. Quinn*, 711 F.2d 1332 (6th Cir. 1983).
[27] *Id.*; *see also Wirtz v. Hardin* Co., 253 F.Supp. 579 (M. D. Ala. 19640; aff'd 359 F.2d 792 (5th Cir. 1946).
[28] Plaintiff's Original Complaint Summary, paragraph 10.
[29] MMA realizes information outside the complaint is generally not considered in a Rule 12(b)(6) motion, but the attached public records and agreement between MMA and Sabre, are not considered outside the pleadings. *See R2 Invs. LDC v. Phillips,* 401 F.3d 638, 640 (5th Cir. 2005)(judicially noticed public documents can be considered in determining a Rule 12(b)(6) motion); *SFM Holdings, Ltd. v. Banc of Am. Secs., LLC*., 600 F.3d 1334, 1337 (11th Cir. 2010)(authenticated documents central to plaintiffs claim can be considered in a Rule 12(b)(6) motion). Furthermore, the Court is not precluded from considering information outside the complaint so long as it converts the motion to one for summary judgment pursuant. *See Tremont LLC v. Haliburton Energy, Servs., Inc.*, 696 F.Supp. 2d 741, 852-53 (S.D.Tex. 2010).
[30] *See* Exhibit 1 - Declaration of John Butler; Exhibit A - Academic Year Agreement - Aerospace I & II; Exhibit B - Articles of Incorporation of Marine Military Academy, Inc.; Exhibit C - Certificate of Formation For-Profit Corporation for Sabre Aviation Services Incorporated; Exhibit D - Certificate of Formation For-Profit Corporation for Marine Military Academy Air Wing, Inc.; Exhibit E - Assumed Name Certificate for Marine Military Academy Air Wing, Inc.; Exhibit F – Articles of Incorporation of Marine Military Academy Parents Organization, Inc.
.

simply masquerades a legal conclusion that MMA and co-defendant are their joint employers. This is not enough. Plaintiffs do not allege, subject to Rule 11, specific facts supporting any of the aforementioned factors utilized in determining whether MMA is a joint employer. The commonality between the two defendants as to control over Plaintiffs' terms and conditions of employment is simply not present in this case. Accordingly, for the reasons discussed herein, Plaintiffs claims against MMA should be dismissed.

## V.
## CONCLUSION

In conclusion, Plaintiffs have simply failed to allege enough facts to put MMA on notice as to how they believe or assert MMA is a direct or joint employer. Consequently, MMA is entitled to dismissal pursuant to Rule 12(b)(6) or Rule 56 to the extent the Court decides to invoke Rule 12(d).

WHEREFORE PREMISES CONSIDERED, Defendant, Marine Military Academy prays that Plaintiffs' legally insufficient claims be dismissed, that Defendant be awarded its costs and such other and further relief to which Defendant is entitled.

Respectfully submitted,

COZEN O'CONNOR, P.C.

By: */s/ Charles H. Wilson*
Texas Bar No. 00797678
Federal Bar No. 34581
Wells Fargo Plaza
1000 Louisiana, Suite 5400
Houston, Texas 77002-5013
Telephone: 713.750.3100
Telecopier: 713.750.3101
Email: cwilson@cozen.com

Keenya R. Harrold
Texas Bar No. 24039664
Federal Bar No. 897938
COZEN O'CONNOR, P.C.
1000 Louisiana, Suite 5400
Houston, Texas 77002-5013
Telephone: 713.750.3100
Telecopier: 713.750.3101
Email:  kharrold@cozen.com
**ATTORNEYS FOR DEFENDANT
MARINE MILITARY ACADEMY, INC**

## CERTIFICATE OF SERVICE

On September 30, 2011, *Defendant Marine Military Academy, Inc.'s Motion To Dismiss and Authorities In Support* was served on the following individuals via the Court's ECF System:

        Galvin B. Kennedy
        Ricardo J. Prieto
        Kennedy Hodges, LLP
        711 W. Alabama Street
        Houston, Texas 77006

        Leslie Lockhart
        ADAMS & GRAHAM, L.L.P.
        134 E. Van Buren, Suite 301
        Harlingen, Texas 78550
        Telephone: (956) 428-7495
        Facsimile: (956) 428-2954


        */s/ Keenya R. Harrold*
        Keenya R. Harrold